IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS R. RYNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:20-cv-3378 |
| | ) |
| CITY OF WAYNESVILLE, ET AL. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF REMOVAL**

**COME NOW** Defendants City of Waynesville, Waynesville Police Department, Daniel Cordova, Victor Weir, John Meir, and Kevin S. Hillman, by and through their counsel of record, Baird Lightner Millsap, P.C., and respectfully notify this Court that pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1443, they hereby remove to the United States District Court for the Western District of Missouri, Southern Division, the above-styled action, which is currently pending in the Circuit Court of Pulaski County, Missouri under Case No. 20PU-CV01611. In support of this Notice of Removal, Defendants state as follows:

1. Plaintiff commenced the above-captioned action in the Circuit Court of Pulaski County, Missouri on November 2, 2020 by filing a Petition ("Petition") bearing the Case No. 20PU-CV01611.

2. On November 3, 2020, Defendants City of Waynesville, the Waynesville Police Department, Daniel Cordova, and Kevin Hillman were served with a copy of Plaintiff's Petition. Defendant Victor Weir and Defendant John Meir were served on later dates.

1

3. Plaintiff purports to state in his Petition claims and controversies arising under the Constitution and laws of the United States pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges:

    a. Count I- That Defendants Cordova, Meir, and Weir violated the Fourth and Fourteenth Amendments of the United States Constitution by depriving him of due process through an "unreasonable seizure;"

    b. Count II- That Defendants Cordova and Meir violated the Fourth and Fourteenth Amendments of the United States Constitution by conspiring to deprive Plaintiff of due process and to cause a false arrest or unreasonable seizure;

    c. Count IV- That Defendants Cordova, Meir, and Weir violated the Fourth and Fourteenth Amendments of the United States Constitution by depriving him of due process through an "unreasonable" search/seizure;

    d. Count V- That Defendants Cordova, Meir, and Weir violated the Fifth and Fourteenth Amendments of the United States Constitution by depriving him of due process through use of "fabricated evidence;"

    e. Count VI- That Defendant Hillman violated the Eighth and Fourteenth Amendments of the United States Constitution by depriving him of due process through "excessive bail;" and

    f. Count VIII- That Defendants Cordova, City of Waynesville, and the Waynesville Police Department violated the Fourth and Fourteenth Amendments of the United States Constitution by "negligent hiring, training, and supervision."

4. Pursuant to 28 U.S.C. §§ 1331, and due to Plaintiffs' purported claims that defendants violated his rights under the Constitution and laws of the United States, the United

States District Court has original jurisdiction over this case. Pursuant to 28 U.S.C. §§1391(b) and 1441(a), venue lies in this Court because it is the District and Division embracing the place where Plaintiffs' Petition is currently pending and is the judicial district in which a substantial part of the alleged events or omissions giving rise to the purported claims occurred. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

5. Plaintiff also purports to assert state law claims in Count I ("Due Process/Unreasonable Seizure"), Count III ("Conspiracy"), Count IV ("Due Process/Unreasonable Seizure"), Count V ("Due Process/Fabricated Evidence"), Count VI ("Due Process/Excessive Bail"), Count VII ("Abuse of Process"), and Count VIII ("Negligent hiring, training, and supervision"). However, this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law claims pled by Plaintiff because they are related to Plaintiff's claims under 42 U.S.C. §§ 1983, they form part of the same case or controversy under Article III of the United States Constitution, and the state law claims arise from the same inclusive operative facts that give rise to the claim that is subject to the original jurisdiction of this court.

6. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendants have filed this Notice of Removal within thirty (30) days of November 3, 2020, the earliest date any Defendant was served with Plaintiff's Petition.

7. Pursuant to the requirements of 28 U.S.C. § 1446(a), a true and accurate copy of Plaintiff's Petition together with "all process, pleadings, and orders served upon" Defendants are attached hereto as **Exhibit A**.

8. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants have contemporaneously given written notice of the filing of this Notice of Removal to Plaintiff, and to

3

the Clerk of the Circuit Court of Pulaski County, Missouri. Copies of those written notices are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

9. Undersigned counsel represents all Defendants in this case, and all Defendants consent to the removal of this action to this Honorable Court, pursuant to 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, Defendants respectfully request this Honorable Court grant removal and accept jurisdiction over the above-captioned action.

    Respectfully submitted,

    BAIRD LIGHTNER MILLSAP, P.C.

    BY: /s/ *Katherine A. Thompson*
        JOHN R. LIGHTNER, Mo Bar #30436
        KATHERINE A. THOMPSON, Mo Bar #65076
        1901-C South Ventura Avenue
        Springfield, MO 65804-2700
        Telephone (417) 887-0133
        Facsimile (417) 887-8740
        jlightner@blmlawyers.com
        kthompson@blmlawyers.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that on December 2, 2020 a true and correct copy of the foregoing document was served by U.S. mail, postage prepaid, and via email to:

Dennis R. Ryno
22767 Return Lane
Waynesville, MO 65583
Dennis.Ryno@yahoo.com
*Plaintiff pro se*

                /s/ *Katherine A. Thompson*
                    Attorney